UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:10-cr-303-T-23MAP
                                                               8:13-cv-541-T-23MAP
ROBERT ENRIQUE GUERRA MIRANDA
_____/


# **O R D E R**

Guerra's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiring to possess with the intent to distribute cocaine while aboard a vessel, for which offense he was sentenced to 70 months. The motion is time-barred and lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)* (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant],

_____

* Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in December, 2010, Guerra's limitation expired one year later, in December, 2011. Guerra mailed his motion to vacate in February, 2013, which is more than a year late. Consequently, Guerra's motion to vacate is time-barred under Section 2255(f)(1).

A prisoner may acquire a delayed start of the limitation under Section 2255(f)(3), which provides for beginning the limitation on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Guerra asserts entitlement to relief under *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012). Although Guerra moved to vacate within one year of *Hurtado*, that decision affords Guerra no relief.

First, a delayed start of the limitation under Section 2255(f)(3) requires the

recognition of a new right by the Supreme Court.  *Hurtado* is a circuit court decision,

not a Supreme Court decision.  As a consequence, Guerra cannot benefit from

*Hurtado* under Section 2255(f)(3)'s provision for a delayed start of the limitation.

Second, *Hurtado* is factually distinguishable.  Guerra was convicted of

violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C.

§ 70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress

"[t]o define and punish Piracies and Felonies committed on the high Seas, and

Offences against the Law of Nations."  U.S. Const., Art. I, § 8, cl. 10.  *Hurtado*, 700

F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three
> distinct grants of power:  the power to define and punish piracies,
> the power to define and punish felonies committed on the high seas,
> and the power to define and punish offenses against the law of
> nations.  *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59,
> 5 L. Ed.  57 (1820).  The first two grants of power are not implicated
> here:  piracy is, by definition, robbery on the high seas, *United States
> v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the
> Felonies Clause is textually limited to conduct on the high seas, *see*
> U.S. Const., Art. I, § 8, cl. 10.  The United States relies instead on
> the third grant—the Offences Clause—as the source of congressional
> power to proscribe the defendants' drug trafficking in the territorial
> waters of Panama. The question whether Congress has the power
> under the Offences Clause to proscribe drug trafficking in the
> territorial waters of another nation is an issue of first impression in
> our Court.

*Hurtado* rejects the argument that the "Offences Clause" supports the MDLEA

for drug activity that occurs within a foreign country's territorial water.  "Because

drug trafficking is not a violation of customary international law, we hold that

Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Guerra because in his plea agreement (Doc. 92 in 8:10-cr-303-T-23MAP) Guerra stipulates that his vessel was "operating in international waters of the Caribbean Sea located at 14.59 degrees North latitude, by 81.48 degrees West longitude, or approximately 70 nautical miles northeast of Cabo Gracias Dios, Honduras." This location (14.59° N. latitude by 81.48° W. longitude) places the vessel approximately half-way between Jamaica and Honduras and unquestionably in international water. "International water" is all area beyond twelve miles from land. *United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003). Because Guerra was not within a country's territorial water, *Hurtado* is inapplicable.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred and not entitled to a delayed start of the limitation under *Hurtado*. The clerk shall close this case.

### DENIAL OF BOTH A
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Guerra is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right." To merit a COA, Guerra must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and not entitled to a delayed start of the limitation, Guerra cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, Guerra is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Guerra must pay the full $455 appellate filing fee without installments unless the circuit court allows Guerra to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on May 23, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 5 -